Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. MCMILLAN, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>VALLEY RUBBER & GASKET COMPANY, INC.; LEWIS-GOETZ AND COMPANY, INC.; FLOW INTERNATIONAL CORPORATION; DOES 1 THROUGH 100,<br><br>    Defendants. | CASE NO. 2:14-cv-01359-TLN-KJN<br><br>**ORDER REGARDING JOINT CONFIDENTIALITY AGREEMENT AND STIPULATION FOR THE ENTRY OF A PROTECTIVE ORDER**<br><br>Assigned to: Hon. Troy L. Nunley |

COME NOW the parties to this action who hereby set forth the following Stipulation for entry of a Protective Order as follows:

WHEREAS the parties anticipate psychotherapy, medical, personnel, employment, and other private records will be produced in this case; and

WHEREAS disclosure of such information to persons not parties to this action might result in damage to plaintiffs or defendants; and

WHEREAS, NOW, THEREFORE, it is hereby STIPULATED by and between Plaintiff, DAVID E. MCMILLAN, JR., and Defendants, LEWIS-GOETZ AND COMPANY, INC., and FLOW INTERNATIONAL CORPORATION, by

-1-
STIPULATED PROTECTIVE ORDER CASE NO. 2:14-cv-01359-TLN-KJN

and through their designated attorneys of record, subject to the approval of the Court, as follows:

1. <u>Nondisclosure of Confidential Documents</u>: Except with the prior written consent of the party or other person originally designating a document (as hereafter defined) as confidential, or as permitted by the terms of this order, no confidential document (as hereafter defined) shall be disclosed to any person.

2. A "<u>document</u>" is defined as any writing, recording, and photograph as set forth in §1001 of the *Federal Rules of Evidence*, including handwriting, typewriting, printing, photostat, photograph, photocopy, transmission by electronic means, including but not limited to, email or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, word, pictures, sounds, symbols or combination thereof, and any record thereby created, regardless of the matter in which the record has been stored.   The term "<u>person(s)</u>" is defined as set forth in California *Evidence Code* §175, and shall mean, without limitation, any individual, corporation, partnership, limited partnership or legal entity, and includes the present and former officers, executives, partners, brokers, and all other persons acting or purporting to act on behalf of them, and any of their present or former parent corporations, subsidiaries, affiliates, divisions, predecessors and successors in interest.

3. A "<u>confidential document</u>" is all psychotherapeutic, medical, personnel, and employment records produced in this case, and any written, recorded, or graphic material produced that bears the legend "confidential" to signify that it contains confidential information.  Interrogatory answers, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded protection as confidential documents, but, to the extent feasible, shall be prepared in such a manner that portions containing confidential information are bound separately from portions

not entitled to protection. The designation of documents as confidential shall be limited to documents that truly contain confidential information and mass, indiscriminate, or routinized designations are prohibited.

    4. The term "<u>Confidential Information</u>" shall mean information which the designating party or a designating non-party deems to constitute psychotherapeutic, medical, personnel, employment records or other private and confidential information which is not publicly known and which cannot be ascertained from an inspection of publicly available documents and materials. It shall further include any and all health care information or any other personal, private or sensitive information pertaining to specific patients, including, but not limited to, patient protected health information and electronic health records (collectively referred to as "protected health information" ) as such terms are used in the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA") and regulations issued pursuant thereto.

    5. The term "<u>Producing Person</u>" or "<u>Designating Person</u>" shall mean a party to this action or third party witness (including counsel for the party or witness) who seeks the protections provided by this Order, who is producing information pursuant to any discovery request, rule, or order of the Court.

    6. The term "<u>Receiving Party</u>" or "<u>Non-Designating Party</u>" shall mean the party hereto who is the recipient of information supplied by the producing or designating person including, but not limited to, the persons identified in paragraph 9.

    7. The term "<u>Designated Counsel</u>" shall mean:  (a) the attorneys and employees of: the Law Firm of Michael H. Kim, including Michael H. Kim, counsel for plaintiff, David E. McMillan, Jr.; Gordon & Rees, LLP, including Calvin Davis, Leslie A. Sheehan, and Spencer Hugret, counsel for defendant, Flow International Corporation; the Holden Law Group, including Stephen R. Holden and Metz Lewis Brodman Must O'Keefe, LLC, including Kenneth S. Kornacki,

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

counsel for Lewis-Goetz and Company, Inc.; and (b) the attorneys and employees of counsel for any other person and/or entity participating in discovery in this case.

8. Any deposition testimony, document or thing, including discovery in documentary form, such as responses to interrogatories, responses to document requests, responses to requests for admissions, and all information derived from inspection of files and facilities pursuant to discovery herein, rule or order of the Court, which is offered or produced on or after the date hereof, may be designated by the Producing Person and marked "CONFIDENTIAL" at the time of production if the Producing Person believes that the matter produced contains Confidential Information.

9. Information, deposition testimony, documents and things designated "CONFIDENTIAL" may only be disclosed to:

  a. Plaintiff, David E. McMillan;

  b. Designated Counsel as defined in Paragraph 7 above;

  c. Directors, officers and employees of the parties whose duties require them to assist Designated Counsel to prepare for trial;

  d. Independent experts and consultants retained by Designated Counsel in this action;

  e. Any person who has been called to provide testimony by deposition that is deemed CONFIDENTIAL pursuant to paragraph 11 herein, provided such person has agreed in writing to abide and be bound by the terms of this Protective Order by executing a document in the form attached as Exhibit "A." Notwithstanding the foregoing, and regardless of whether such deponent agrees to sign Exhibit "A," such Confidential Information or document may be disclosed to such person at their deposition if:

    (i) The deponent is listed as an author, addressee, or recipient on the face of a document designated "CONFIDENTIAL";

    (ii) The Confidential Information or document was produced

by or obtained from said deponent; or

    (iii) Upon order of the Court for good cause shown;

 f. The Court, its personnel and members of the jury;

 g. Court reporters; and

 h. Any mediator(s) or arbitrator(s) retained by the parties in connection with this litigation.

 i. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

 j. Professional Vendors [persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors] to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A.

 In order to facilitate expert discovery in this matter, all parties shall require each of their retained experts to execute Exhibit "A" as soon as practicable upon such expert's retention and, in any event, prior to any disclosure to such expert of Confidential Information. No party shall be obligated to disclose the identity of any consultant or expert except as provided by the *Federal Rules of Civil Procedure*.

 10. No person receiving Confidential Information designated "CONFIDENTIAL" under this Order shall use such Confidential Information for any purpose other than for purposes of this action (preparation for trial, trial, and any pre-trial or post-trial proceedings) and shall not disclose such Confidential Information to any other person, except as specified herein.

 11. Portions of transcripts of any deposition in which the deponent testifies regarding CONFIDENTIAL information, including when Confidential Documents are used as exhibits, may be designated as "CONFIDENTIAL" by any

party to this action or by the deponent either (a) on the record during the deposition, or (b) by written notice to all counsel of record within thirty (30) days after the party wishing to make the designation receives the transcript. Pending the expiration of said thirty (30) days, all parties and person(s) shall presumptively treat the deposition transcript as "CONFIDENTIAL."  If no portions of the transcript are designated as "CONFIDENTIAL" by any party to this action, or by the deponent, within said thirty (30) days, the transcript shall not be considered to be designated "CONFIDENTIAL." No party may make a blanket designation of an entire deposition as "CONFIDENTIAL," but must instead designate narrowly those specific matters entitled to confidentiality pursuant to this Order.  As with documents and other materials designated as "CONFIDENTIAL," any non-designating party may challenge the designation or any part thereof as referenced in Paragraph 13, below.

12. No person or party shall disclose to anyone not specified in paragraph 9 hereof any Confidential Information designated under this Protective Order without prior written consent of the Designating Person or further order of this Court. Confidential Information disclosed pursuant to this Protective Order shall not, and cannot, be used by a recipient for any purpose other than for purposes of this action.

13. This Order shall be without prejudice to the right of any Non-Designating Party to bring before this Court at any time the question of whether any particular information is properly categorized. The burden of proving that information is properly designated pursuant to this Order shall be consistent with applicable law.

14. The parties shall make every reasonable effort to mark every document and thing containing Confidential Information with the legends set forth in Paragraph 8 hereof, but the inadvertent or unintentional failure to mark the legend on the otherwise claimed confidential information, shall not be deemed a

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

waiver in whole or in part of a claim for confidential treatment under this order where notice is reasonably provided.

15. The parties stipulate that they will abide by all of the applicable terms of HIPAA and the regulations promulgated thereunder to protect the confidentiality of protected health information. This Order constitutes a qualified protective order under HIPAA laws and regulations.

16. Nothing herein shall be construed to limit in any way a party's use of its own Confidential Information.

17. This Order is intended to provide a mechanism for the handling of Confidential Information, the disclosure or production of which there is no objection to other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate. Any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order, in any particular circumstance.

18. ~~This Order may be amended, without leave of Court, in the form of a written stipulation executed by all parties that shall be filed in this case.~~ This Order is intended to regulate the handling of Confidential Information during the pretrial period of this litigation, but shall remain in force and effect until modified, superseded or terminated on the record ~~by written stipulation of the parties or~~ by Order of the Court.

19. Within thirty (30) days of the final disposition of this action, each Receiving Party shall be under an obligation to assemble and return to the Producing Person all documentary materials produced in this action that have been designated "CONFIDENTIAL" still subject to this Order, including all copies of such Confidential Information which may have been made, provided that the Receiving Party or Non-Designating party may elect to destroy any such

Confidential Information. This obligation includes any notes, documents, testimony, compilations, analysis and/or work product that constitute, contain or describe, in whole or part, any Confidential Information. Each Receiving Party may retain copies of pleadings, court filings, deposition and trial exhibits, attorney notes and other work product that do not contain, describe or reference Confidential Information.

The fulfillment of the obligations imposed by this paragraph, whether by return, destruction or both, shall be certified in writing by Receiving Party within thirty (30) days of the final disposition of this action.

20. Any person who violates the terms of this Order shall be subject to appropriate injunctive relief, in addition to money damages, attorneys' fees, and other relief as deemed appropriate and ordered by the Court after opportunity to be heard.

21. The parties and any other persons subject to the terms of this Confidentiality Agreement and Protective Order agree that this Court shall have and shall retain, after this action is terminated, jurisdiction over it and them for the purposes of enforcing this Confidentiality Agreement and Protective Order.

22. Under no circumstances shall any provision of this Order prevent or unduly restrict any party's ability to use confidential material during any phase of trial in this matter. The parties will leave to the Court's discretion any protective measure to preserve confidentiality during trial.

**IT IS SO STIPULATED:**

Dated:  April 29, 2015                          LAW FIRM OF MICHAEL H. KIM

                                                By:  */s/ Michael H. Kim*

                                                _____
                                                Michael H. Kim
                                                Attorneys for Plaintiff
                                                DAVID E. MCMILLAN, JR.

| | | |
|---|---|---|
| 1 | Dated: April 29, 2015 | GORDON & REES LLP |
| 2 | | |
| 3 | | By: */s/ Leslie A. Sheehan* |
| 4 | | Calvin E. Davis |
| 5 | | Leslie A. Sheehan<br>Spencer P. Hugret |
| 6 | | Attorneys for Defendant<br>FLOW INTERNATIONAL CORPORATION |
| 7 | | |
| 8 | Dated: April 29, 2015 | METZ LEWIS BRODMAN MUST O'KEEFE LLC |
| 9 | | |
| 10 | | By: */s/ Kenneth S. Kornacki* |
| 11 | | Kenneth S. Kornacki |
| 12 | | Attorneys for Defendant<br>LEWIS-GOETZ AND COMPANY, INC. |
| 13 | | |
| 14 | Dated: April 29, 2015 | HOLDEN LAW GROUP |
| 15 | | |
| 16 | | By: */s/ Anthony C. Oceguera* |
| 17 | | Stephen R. Holden<br>Anthony C. Oceguera |
| 18 | | Attorneys for Defendant<br>LEWIS-GOETZ AND COMPANY, INC. |

*Left margin: Gordon & Rees LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071*

## ORDER

APPROVED AND SO ORDERED, except that:

(a) The parties may not amend or modify this protective order by stipulation alone. If the parties wish to amend or modify this protective order, they shall submit a stipulation and proposed order for the court's review and approval.

(b) Before bringing any motion related to this protective order, the parties shall first adequately meet and confer, and any motion shall be noticed and filed in accordance with Local Rule 251. Failure to do so may result in a summary denial of such motion.

(c) The designation of a particular document as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. The parties must comply with Local Rule 141 with respect to requests to seal documents.

(d) Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this protective order after the action is terminated.

Dated: April 30, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT "A"

1.  I, _____, the undersigned, have received a copy of the Joint Confidentiality Agreement and Stipulation for the Entry of A Protective Order entered in connection with the above-captioned matter (hereinafter the "Order").  I have read the Order and understand its terms.  As a condition of disclosure to me of any information or documents designated CONFIDENTIAL in accordance with the Order, I hereby agree to be bound by the terms of the Order.

2.  My current address is_____ _

3.  I understand and agree that the United Stated District Court for the Eastern District of California shall have jurisdiction with regard to any proceedings to enforce the terms of the Order. I hereby consent to the jurisdiction of said Court for the purposes of enforcing this stipulation and any related Order.

4.  I understand and agree that I shall not use any information or the contents of any document furnished to me and designated as CONFIDENTIAL for any purpose other than for purposes of this litigation.  I will hold such information and/or the contents of such documents in confidence and will not disclose such information and/or the contents of such documents to anyone not specified under the terms of the Order.

5.  I understand and agree that, within thirty (30) days of the final disposition of this action, I shall either: (a) deliver any documents designated CONFIDENTIAL and/or any compilation or analysis of any information designated CONFIDENTIAL, including any notes, documents, testimony, compilations, analysis and/or work product that constitute, contain or describe, in whole or part, any Confidential Information, to counsel for the party who furnished the information and/or documents to me; or (b) destroy such material and certify such destruction in writing under oath and deliver such certification to counsel for

-11-
STIPULATED PROTECTIVE ORDER CASE NO. 2:14-cv-01359-TLN-KJN

1  the party who furnished the information and/or documents to me.

2

3  Dated:                              Signature_____