CALVIN E. DAVIS  (SBN: 101640)
LESLIE A. SHEEHAN  (SBN: 106332)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470

Attorneys for Defendant
FLOW INTERNATIONAL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. MCMILLAN, JR., <br><br> Plaintiff, <br><br> vs. <br><br> VALLEY RUBBER & GASKET COMPANY, INC.; LEWIS-GOETZ AND COMPANY, INC.; FLOW INTERNATIONAL CORPORATION; DOES 1 THROUGH 100, <br><br> Defendants. | CASE NO. 2:14-cv-01359-TLN-KJN <br><br> **STIPULATION REGARDING GOOD FAITH SETTLEMENT OF DEFENDANT, FLOW INTERNATIONAL CORPORATION AND ORDER** <br><br> Assigned to: Hon. Troy L. Nunley |

**The parties to this action, by and through their undersigned counsel of record, do hereby stipulate as follows:**

1.     Counsel for Plaintiff, DAVID E. McMILLAN, JR. ("McMillan"), and Defendant, FLOW INTERNATIONAL CORPORATION ("Flow"), represent to the Court and parties that, after arms-length settlement negotiations, they have agreed to settle this matter for the sum of Twenty-five Thousand Dollars ($25,000.00) in exchange for a release and dismissal with prejudice of McMillan's case against Flow.

2.     All parties to this matter agree that the settlement entered into between McMillan and Flow complies with the factors and considerations set forth

-1-
STIPULATION REGARDING GOOD FAITH SETTLEMENT OF DEFENDANT, FLOW
INTERNATIONAL CORPORATION AND ORDER

in *Tech-Built, Inc. v. Woodward-Clyde & Associates* (1985) 37 Cal.3d 488 and its progeny.

3. The parties to this matter further agree to a court order that the settlement agreement by and between McMillan and Flow is determined to be in good faith within the meaning of the *California Code of Civil Procedure* §§877 and 877.6.

4. The parties to this matter also agree that, pursuant to the *California Code of Civil Procedure* §877.6(c), all past, present, and future claims by any other party, or any other joint tortfeasor or co-obligor, including non-parties to this action, for any claims of equitable comparative contribution or partial or comparative indemnity, based on comparative negligence or comparative fault, are dismissed with prejudice and forever barred.

5. The parties to this matter agree that the filing of an application and/or motion for determination of good faith settlement would be a waste of client and judicial resources. Therefore, the parties waive notice of any submission of this stipulation for approval by the Court, whether on an ex parte basis or by formal noticed motion, because there is no opposition to Flow seeking an order that the settlement is in good faith.

6. This stipulation may be signed in counterparts.

**SO STIPULATED:**

Dated: October 28, 2015                **GORDON & REES LLP**

By: */s/ Leslie A. Sheehan*
Calvin E. Davis
Leslie A. Sheehan
Attorneys for Defendant FLOW INTERNATIONAL CORPORATION

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Dated: October 28, 2015      **MICHAEL H. KIM, P.C.**

By: */s/ Michael H. Kim*
    Michael H. Kim, Esq.
    Melanie Massey, Esq.
    Attorneys for Plaintiff
    DAVID E. MCMILLAN

Dated: October 28, 2015      **METZ LEWIS BRODMAN MUST O'KEEFE LLC**

By: */s/ Kenneth S. Kornacki*
    Kenneth S. Kornacki
    Attorneys for Defendants
    VALLEY RUBBER AND GASKET COMPANY, INC. AND LEWIS-GOETZ AND COMPANY, INC.

Dated: October 28, 2015      **HOLDEN LAW GROUP**

By: */s/ Anthony C. Oceguera*
    Stephen R. Holden
    Anthony C. Oceguera
    Attorneys for Defendants
    VALLEY RUBBER AND GASKET COMPANY, INC. AND LEWIS-GOETZ AND COMPANY, INC.

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

# ORDER

On the filing of the above stipulation of the parties hereto by their respective attorneys,

IT IS HEREBY ORDERED that the settlement between Plaintiff, DAVID E. McMILLAN, JR. and Defendant, FLOW INTERNATIONAL CORPORATION, identified in paragraph one of the above stipulation is "in good faith" and satisfies the requirements of the California *Code of Civil Procedure* §877.6 and the factors set forth in *Tech-Built, Inc. v. Woodward-Clyde & Associates* (1985) 37 Cal.3d 488 and its progeny.

IT IS FURTHER ORDERED that all past, present, and future claims by any other party, or any other joint tortfeasor or co-obligor, including non-parties to this action, for any claims of equitable comparative contribution or partial or comparative indemnity, based on comparative negligence or comparative fault, are dismissed with prejudice and forever barred.

Dated: November 3, 2015

_____
Troy L. Nunley
United States District Judge